**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **DEMETRIUS HEMPHILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No.: 14-cv-1475-MMM** |
| | ) | |
| **S.A. GODINEZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action for Defendants' alleged deliberate indifference in subjecting him to inhumane conditions of confinement at the Pontiac Correctional Center.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).

Plaintiff alleges that, for one week prior to 7/2/14 he was celled with another inmate who would not shower.  When Lt. Winemiller refused to move him,  Plaintiff he went on a hunger strike for an unidentified period of time.  When Plaintiff went off of the hunger strike he was placed in cell E 219 which had an essentially solid steel door, with perforations. Plaintiff claims that he should have been placed in a cell which had bars, as the cell with the solid door allegedly had no ventilation.  Plaintiff asked Defendants Punke, Wheats, Shull, Creech to move him, and they would not.  Plaintiff is apparently a diabetic, indicates that the poor ventilation in the cell had caused to experience blurry vision and high blood sugar.  Plaintiff claims that Dr. Tilden instructed another employee, Kristi Eschleman, to contact Lt. Charden to have Plaintiff moved but that this wasn't done.

Plaintiff claims that the jailers were deliberate indifferent to him but does not allege that they were aware that the lack of ventilation was affecting his diabetes.  *See Farmer v. Brennan,* 511 U.S. 825, 837 (1994), (prison officials may be held liable under Eighth Amendment for denying humane conditions of confinement only if they know that inmates face substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it).  Further, to establish a conditions of confinement claim, an inmate must show "a serious deprivation of basic human needs," *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981), or denial of the "minimal civilized measure of life's necessities ..." *Wilson v. Seiter,* 501 U.S. 294, 303 (1991).

1

Nonetheless, Plaintiff has pled enough at this juncture for the conditions of confinement claim to go forward against Defendants Winemiller, Punke, Wheats, Shull, Creech and Charden. Plaintiff has failed to allege that Godinez and Pierce personally participated in the deprivation. (Section 1983 does not allow actions against individuals just for their supervisory role of others, and so individual liability under Section 1983 can only be based upon a finding that the defendant caused the deprivation alleged.) *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). As a result, Godinez and Pierce are DISMISSED.

Plaintiff provides documentation that he sent a grievance to Warden Pfister alleging that the lack of ventilation in the cell was exacerbating his diabetes. It is established, however, that if a grievance official ignores, mishandles, or denies a prisoner's grievance, but did not cause or otherwise participate in the underlying conduct, that does not state a claim under § 1983. *Id.; see also George v. Smith,* 507 F.3d 605, 609 (7th Cir.2007) ("Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation"). *Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (holding that a plaintiff could not establish personal involvement, and subject a prison official to liability under section 1983, merely be sending the official various letters or grievances complaining about the actions or conduct of subordinates.) As a result, Pfister is DISMISSED.


**IT IS THEREFORE ORDERED:**


1.  This case shall proceed solely on the federal claim(s) identified herein. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Godinez, Pierce and Pfister are DISMISSED.

2.  Plaintiff's Motion for Status [6] is rendered MOOT by the entry of this Merit Review Order.

3.  Plaintiff files a Motion for Appointment of Counsel [5] substantiating that he has contacted two attorneys' offices and they have declined representation. In considering the Plaintiffs motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). The Court finds that sending correspondence to only two law firms does not represent a good faith effort on Plaintiff's part. [5] is DENIED.

4.  The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

5.  If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on

that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

7. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

10. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).


3/23/2015                                    s/Michael M. Mihm_____
ENTERED                                MICHAEL M. MIHM
                                    UNITED STATES DISTRICT JUDGE