IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DEMITRIUS HEMPHILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-1475 |
| ) | |
| S A GODINEZ, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION

This matter is now before the Court on Plaintiff Demitrius Hemphill's Motion for New Trial pursuant to Federal Rule of Civil Procedure 59. (Doc. 103). For the reasons herein, the Motion is DENIED.

## PROCEDURAL HISTORY

Plaintiff filed his complaint under 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need and unconstitutional conditions of confinement related to his placement in a cell with a perforated door at Pontiac Correctional Center. (Doc. 21).

Jury trial was held on January 28 and 29, 2019. Judgment was entered in favor of the Defendant, Todd Punke, on January 31, 2019. (Doc. 102). On February 28, 2019, Plaintiff filed a Motion for New Trial. (Doc. 103). On March 18, 2019, Defendant filed his response. (Doc. 105). This Order follows.

## LEGAL STANDARD

Rule 59(a)(1)(A) of the Federal Rule of Civil Procedure provides that a "court may, on motion, grant a new trial on all or some of the issues … after a jury trial, for any reason for which a new trial has … been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A).

1

**DISCUSSION**

Plaintiff first argues he should be granted a new trial because Dr. Andrew Tilden, the Medical Director of Pontiac Correctional Center, was not informed about the trial until the first day of trial on January 28, 2019. (Doc. 103, p. 1). Plaintiff also asserts that, based on a review of the discovery, medical records might be missing. *Id.* Finally, Plaintiff argues a new trial is warranted because defense counsel made inflammatory and prejudicial statements during closing argument. *Id.*

**I.     Dr. Andrew Tilden**

Plaintiff states no medical records signed by Dr. Tilden, Plaintiff's treating physician, were produced in discovery, except for Medication Administration Records. *Id.* at p. 3. Plaintiff argues that "[i]f there is evidence to support [my] testimony to have [me] transferred to a different cell, evidence of any kind, then it is highly prejudicial to have not turned it over to [me] prior to trial because it would have been proof beyond the word of the witnesses that corroborated [my] version of events." *Id.* at 4.

Defendant argues Plaintiff's assertion that records were missing is purely speculation and that Plaintiff did not suffer any prejudice as a result of the allegedly missing medical records. (Doc. 105, p. 3). Defendant also argues Plaintiff's failure to identify any additional medical records defeats his own motion. *Id.* at 4.

To succeed on a motion for a new trial based on newly discovered evidence, the moving party must show: "(1) it has evidence that was discovered post-trial; (2) it had exercised due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce

a new result." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013) (quoting *Environmental Barrier Co., LLC v. Slurry Systems, Inc.*, 540 F.3d 598, 608 (7th Cir. 2008)).

Rather than identify or produce any new medical records, Plaintiff merely speculates that more records bearing Dr. Tilden's signature must exist because he was Plaintiff's treating physician. This is an issue that could have been brought forward during the discovery phase of litigation. The Court ordered Defendant to produce all medical records for sixty days before July 2014, until sixty days after December 2014. (Minute Entry dated 8/24/2018). Plaintiff failed to exercise due diligence to discover the alleged new evidence. The mere possibility that there could be more evidence is not a basis for granting a new trial under Rule 59.

Plaintiff also argues he is entitled to a new trial because Dr. Tilden "was not even informed of the trial until the first day of trial." (Doc. 103, p. 1). The trial date was set on November 29, 2018, giving the parties ample time to notify Dr. Tilden. (Minute Entry dated 11/29/2018). Dr. Tilden was listed on the parties' Joint Witness List filed on January 10, 2019. (Doc. 87). In fact, Dr. Tilden testified at trial. It is unclear from Plaintiff's Motion how not knowing about the trial until the first day caused Plaintiff to suffer any prejudice. Therefore, the Court finds a new trial is unwarranted.

## II.   **Statements Made During Closing Argument**

Plaintiff also argues he should be granted a new trial because defense counsel made inflammatory and prejudicial statements during closing argument. For instance, Plaintiff claims that defense counsel stated on multiple occasions that Plaintiff's case was a waste of time for the jury and that Plaintiff was "drug seeking." (Doc. 103, p. 4). Plaintiff argues these comments were inappropriate and "played on the emotions of the jurors by characterizing their service as a waste of time, setting a situation where a defense verdict could punish Mr. Hemphill." *Id.* at p. 5.

Defendant argues that counsel did not make these statements, but instead made the argument that Plaintiff was "manipulating the system to get what he wants." (Doc. 105, p. 5). Defendant argues this statement was supported by the testimony, including Plaintiff's testimony that he refused to take his diabetes medication unless he was given muscle relaxers or pain relievers, and Plaintiff's statement that he would see one of the medical professionals in court. *Id.*

"A new trial is warranted only if allegedly improper closing remarks depart from the evidence presented by trial and result in substantial prejudice to the opposing party." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 731 (7th Cir. 1999). During closing arguments, attorneys have "more leeway … to suggest inferences based on the evidence, highlight weaknesses in the opponent's case, and emphasize strengths in their own case." *Soltys v. Costello*, 520 F.3d 737, 745 (7th Cir. 2008) (citing *Jones*, 188 F.3d at 731). "[I]mproper remarks made during closing arguments rarely are so serious as to constitute reversible error." *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014); *Smith v. Rosebud Farm, Inc.*, 898 F.3d 747, 753 (7th Cir. 2018).

Defense counsel's remarks during his closing argument do not warrant a new trial. Upon review of the transcript from the closing arguments, the Court finds defense counsel never stated Plaintiff's case was "a waste of time for the jury" or that Plaintiff was "drug seeking." (Doc. 103, p. 3). Instead, defense counsel stated Plaintiff tried "to use the system" to be placed in a different cell. (Transcript, p. 5). Rather than stating Plaintiff was "drug seeking," defense counsel stated: "What we do see is the plaintiff seeking meds: Baclofen and Motrin." *Id.* at 7. Plaintiff failed to show he suffered substantial prejudice and that the allegedly improper closing remarks departed from the evidence presented by trial. Moreover, Plaintiff's counsel had the opportunity to object to any allegedly prejudicial remarks during the closing argument, but he failed to do so. See *Smith*, 898 F.3d at 753 (district court did not abuse its discretion in denying motion for new trial because

moving party did not raise objection during closing argument). Plaintiff was able to address any possible inference that he was "drug seeking" during his own closing argument and rebuttal. (Transcript, p. 3). As a result, the Court finds defense counsel's statements do not constitute reversible error.

## **CONCLUSION**

Plaintiff's Motion for New Trial pursuant to Federal Rule of Civil Procedure 59 [103] is DENIED.


ENTERED this 1st day of March 2019.


                                                            s/ Michael M. Mihm
                                                            Michael M. Mihm
                                                            United States District Judge